IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA and SCOTT CAVE, on behalf of : CIVIL ACTION
themselves and all others similarly situated :
:
v. :
:
SAXON MORTGAGE SERVICES, INC. and : NO. 11-4586
OCWEN LOAN SERVICING, LLC :

**MEMORANDUM**

Padova, J.                                                                                                                         February 6, 2013

Plaintiffs ask that we reconsider our Memorandum and Order dated December 12, 2012, insofar as we dismissed their claim against Defendant Ocwen Loan Servicing, LLC ("Ocwen") for violation of the Pennsylvania Uniform Trade Practices Consumer Protection Law ("UTPCPL"). Plaintiffs brought this putative class action arising out of Ocwen's failure to adequately disclose loan terms in Ocwen's in-house modification loan agreement ("In-House Modification"). Ocwen filed a Motion to Dismiss Plaintiffs' claims, which we granted in part and denied in part in our December 12, 2012 Order. Plaintiffs now contend that we erred in our determination that the Complaint did not adequately allege justifiable reliance under the UTPCPL. For the reasons that follow, we grant the Motion for Reconsideration and reinstate Plaintiffs' UTPCPL claim.

**I.     LEGAL STANDARD**

The purpose of a motion for reconsideration is "to correct a clear error of law or to prevent a manifest injustice." United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010) (citations omitted). A motion for reconsideration will only be granted if the moving party establishes: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer,

591 F.3d 666, 669 (3d Cir. 2010) (citation omitted). A motion for reconsideration "is *not* an opportunity for a party to re-litigate already decided issues or to present previously available evidence." Broadcast Music, Inc. v. La Trattoria East, Inc., Civ. A. No. 95-1784, 1995 WL 552881, at *1 (E.D. Pa. Sept. 15, 1995) (citation and quotation omitted).

## II. DISCUSSION

We concluded in our December 12, 2012 Memorandum and Order that the Complaint adequately alleges deceptive conduct under the UTPCPL, because it alleges that Ocwen's In-House Modification Agreement did not include: an estimate of the amount of Plaintiffs' balloon payment, an explanation of how the balloon payment would be calculated, or an amortization schedule for Plaintiffs' payments. (Compl. ¶ 70.) However, we also concluded that the Complaint fails to adequately allege that Plaintiffs justifiably relied on those omissions, as required to state a claim under the UTPCPL, because the Complaint specifically alleges that Plaintiffs agreed to the In-House Modification "[b]ecause they were fearful of losing their [home] to foreclosure." (Id. ¶ 71.) We therefore dismissed the UTPCPL claim on that basis.

Plaintiffs argue that we erred in dismissing their UTPCPL claim because they were entitled to a presumption that they relied on Ocwen's material omissions in agreeing to Ocwen's In-House Modification. There are, in fact, circumstances in which a plaintiff who asserts a UTPCPL claim that is based on a defendant's material omission may be entitled to a reasonable inference of reliance. See, e.g., Drayton v. Pilgrim's Pride Corp., Civ. A. No. 03-2334, 2004 WL 765123, at *7 (E.D. Pa. Mar. 31, 2004). Although we did not employ such a reasonable inference in our earlier analysis, upon reconsideration, we conclude that we erred in failing to do so. While the Complaint alleges that Plaintiffs agreed to the In-House Modification because they

2

were fearful of foreclosure (Compl. ¶ 71), it also alleges that the terms of Ocwen's In-House Modification were deceptive in that they omitted critical information about the amount of Plaintiffs' balloon payment, an explanation of how this payment would be calculated, and an amortization schedule for Plaintiffs' payments (id. ¶ 70). Under these circumstances, we now find that it is reasonable to infer that Plaintiffs agreed to the In-House Modification not only because they feared losing their home, but also based on the allegedly misleading terms of the In-House Modification presented to them. Moreover, reading the allegations in the Complaint in the light most favorable to Plaintiffs, those allegations further support a reasonable inference that if Ocwen had accurately described Plaintiffs' balloon payment, Plaintiffs would not have agreed to the In-House Modification. We therefore conclude that the Complaint adequately alleges justifiable reliance on Ocwen's allegedly deceptive conduct under the UTPCPL, and, on that basis, we grant Plaintiffs' Motion to reconsider our prior order, which was grounded on a contrary conclusion.[1]

Because we previously dismissed Plaintiffs' UTPCPL claim based on the Complaint's failure to allege justifiable reliance, we did not reach Ocwen's alternative argument that the Complaint fails to state a UTPCPL claim upon which relief may be granted because it fails to

---

[1] We also note that courts in this district have stated that a plaintiff "need only establish a viable claim under the FDCPA in order to state sufficient claims under the . . . UTPCPL." Stuart v. AR Res., Inc., Civ. A. No. 10-3520, 2011 WL 904167, at *5 (E.D. Pa. Mar. 16, 2011); see also Yentin v. Michaels, Louis & Assocs., Inc., Civ. A. No. 11-0088, 2011 WL 4104675, at *17 n.15 (E.D. Pa. Sept. 15, 2011). In our December 12, 2012 Memorandum and Order, we concluded that Plaintiffs asserted a viable claim under the FDCPA and denied Ocwen's Motion to Dismiss insofar as it sought dismissal of that claim. If we were to apply the logic of the courts referenced above, we would refuse to dismiss Plaintiffs' UTPCPL claim for the simple reason that we permitted their FDCPA claim to proceed. However, we need not utilize this suggested shortcut because we conclude that Plaintiffs' allegations, read liberally, state an independent claim under the UTPCPL. Nevertheless, we find the logic of the other courts in this district to further support our decision to permit Plaintiffs to develop their UTPCPL claim in discovery.

allege ascertainable loss. Upon consideration of that argument now, we conclude that the Complaint adequately alleges ascertainable loss in that it alleges that Plaintiffs are required to pay increased interest, will suffer longer loan payoff times, face higher principal balances, and are burdened with unaffordable mortgage payments as a result of accepting Ocwen's In-House Modification. (Compl. ¶ 112.) The Complaint also alleges that Ocwen's In-House Modification "is a financial black hole." (Id. ¶ 70.) We therefore reject Ocwen's alternative argument for dismissal of Plaintiffs' UTPCPL claim, and conclude that the Complaint states a plausible claim for violation of the UTPCPL.

### III. CONCLUSION

For the foregoing reasons, we grant Plaintiffs' Motion for Reconsideration and reinstate Count III of the Complaint (Violation of the UTPCPL). An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.